IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,

                Plaintiff,

v.                                              CASE NO.

MANCHESTER FUNERAL HOME and
ROBIN LYN REED, as Personal Representative
of the Estate of Kevin Dwight Fults,

                Defendants.

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff, Hartford Life and Accident Insurance Company ("Plaintiff" or "Hartford"), by and through its undersigned counsel, for its Complaint for Interpleader Relief, states as follows:

## PARTIES

1. Hartford is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. It is duly licensed to do business in the State of Tennessee.

2. Upon information and belief, Defendant Manchester Funeral Home is a company that has its principal place of business in, operates from, and is located in Manchester, Coffee County, Tennessee.

3. Upon information and belief, Defendant Robin Lyn Reed ("Reed") is the surviving spouse of Kevin Dwight Fults ("Decedent") and is a citizen of the State of Tennessee and a

1

resident of, and domiciled in, Lebanon, Wilson County, Tennessee.

4. Upon information and belief, the Estate of Kevin Dwight Fults ("Estate") is being formally administered in the Chancery Court of Coffee County, Tennessee Sitting at Manchester, under Case Number: 23-PR-58 ("Probate Action"). Reed has been appointed personal representative of the Estate in the Probate Action.

5. Upon information and belief, the Decedent was domiciled in Tennessee, and he was a resident and citizen of Coffee County, Tennessee, prior to his death.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 28 U.S.C. § 1331, as the claims at issue are governed by federal law, particularly the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). This action is also brought pursuant to Rule 22 of the Federal Rules of Civil Procedure ("Rule Interpleader") because Hartford is exposed to multiple liability from competing claims to benefits under either a group life or accidental death and dismemberment insurance policy.

7. Venue in this judicial district is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C § 1397 because the Defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

8. Decedent was an employee of Reyes Holdings, L.L.C. or one of its affiliates/subsidiaries ("Employer"), and a participant in a group life and accident death and dismemberment insurance plan ("Plan") governed by ERISA.

9. The Decedent had $43,000 in basic life coverage and $43,000 in basic accidental death and dismemberment ("AD&D") coverage under the Plan, which was funded by Group Policy No. GL-675555 ("Group Policy"), issued by Hartford to Reyes Holdings, L.L.C. The Certificate of Insurance for the Group Policy is attached as **Exhibit 1**.

10. Upon information and belief, Decedent died on February 16, 2023.

11. Upon information and belief, at the time of his death, Decedent had not named or designated a beneficiary of benefits under the Plan or Group Policy.

12. The Group Policy establishes an optional facility of payment provision for benefits under the Plan where a participant has not named or designated a beneficiary and states as follows:

> **Claims to be Paid:** *To whom will benefits for my claim be paid?*
>
> Life Insurance Benefits and benefits for loss of life under the Accidental Death and Dismemberment Benefit will be paid in accordance with the life insurance Beneficiary Designation providing it does not contradict the Claim Payment provision.
>
> If no beneficiary is named, or if no beneficiary survives You, We may, at Our option, pay:
>
> 1) the executors or administrators of Your estate;
> 2) all to Your Surviving Spouse;
> 3) if Your spouse does not survive You, in equal shares to Your surviving children;
> 4) if no child survives You, in equal shares to Your surviving parents; or
> 5) if no parent survives You, in equal shares to Your surviving siblings.

*See* Exhibit 1, p. 33.

13. Hartford, as the claim administrator for claims made under Group Policy, must administer claims in accordance with ERISA and the documents and instruments governing the Plan, including the Group Policy.

14. Because the Decedent did not designate a beneficiary of his benefit under the Plan, they became payable pursuant to the facility of payment provision in the Group Policy.

15. On or about February 17, 2023, Hartford received notification of the Decedent's death.

16. On or about May 8, 2023, Manchester Funeral Home notified Hartford that it received a funeral home assignment from Reed and it requested direct payment from Hartford of its invoice for funeral goods and services in the amount of $9,592.83. Reed's Assignment is attached as **Exhibit 2**, and the funeral home invoice is attached as **Exhibit 3.**

17. On or about May 10, 2023, counsel for Reed, Mr. Thompson Kirkpatrick, sent correspondence to Hartford stating that he advised Manchester Funeral Home to file its claim for payment of its invoice with the Estate but no such claim was ever made. He also stated as follows regarding Reed's funeral home assignment:

> I further advised them that the Court had entered an Order that all life insurance and wrongful death proceeds would be paid into the Clerk & Master. Without my knowledge, he reached out to Ms. Reed directly and was able to procure her signature, which in my opinion is in direct contradiction to the Order of the Court. She did not know she should not have signed the assignment.
>
> In final analysis, I am not sure it is going to matter, but the funeral home should not have circumvented the Court's Order and reached out to Ms. Reed directly. I feel strongly that you should follow the directives of the Court and pay all the proceeds into the Clerk & Master. The funeral home can address their claim in the estate.

The May 10, 2023 correspondence is attached as **Exhibit 4**.

18. On May 23, 2023, Hartford spoke with a representative of Manchester Funeral Home to confirm whether it agreed with Mr. Kirkpatrick's request to have the funeral home

assignment and invoice filed as a claim with the Estate rather than paid directly by Hartford. The representative told Hartford that Hartford should pay its invoice directly because they were concerned that "they would never get paid" if they proceeded as Mr. Kirkpatrick requested.

19. On May 25, 2023, Hartford e-mailed Reed, through her counsel, Mr. Kirkpatrick, and confirmed that Manchester Funeral Home continued to contest Mr. Kirkpatrick's claim that the entire proceeds from the Policy should be paid to the Clerk and Master and Manchester Funeral Home should file the funeral home assignment and invoice as a claim with the Estate. Hartford asked the parties to try to come to an agreement on this issue and advise Hartford of their decision. The May 25, 2023 e-mail is attached as **Exhibit 5**.

20. Upon information and belief, Defendants have not resolved their competing claims.

21. The death benefit subject to the Defendants' competing claim is $9,592.83 ("Death Benefit").[1]

## CAUSE OF ACTION IN INTERPLEADER

22. Hartford cannot determine whether a court would find the Manchester Funeral Home is entitled to payment of the Death Benefit or whether a court would find that the Death Benefit should be paid to the Estate.

23. In light of the existing claims of Defendants Manchester Funeral Home and the Estate, Hartford cannot determine the proper beneficiary for the Death Benefit at issue and is exposed to the actual or potential of competing claims for such benefits.

---

[1] Based on current information, the amount of basic life benefits and accidental death and dismemberment benefits not subject to the Defendants' competing claims is $76,407.17. Absent any additional claims, Hartford anticipates this amount will be paid in the near future to the

5

24. Conflicting issues of fact and law exist as to the proper beneficiary of the Death Benefit and Hartford has, therefore, been unable to determine who is entitled to the Death Benefit without risking potential exposure to multiple liabilities.

25. Hartford is now, and at all times has been, ready and willing to pay the Death Benefit to the party or parties legally entitled to them.

26. Hartford is merely a stakeholder and claims no beneficial interest in the Death Benefit, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

27. Hartford cannot determine the proper beneficiary of the Death Benefit without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

**WHEREFORE**, Plaintiff, Hartford Life and Accident Insurance Company, respectfully requests that the Court:

A. Permit Hartford to remit the Death Benefit into the registry of this Court;

B. Order Defendants to answer and present their claims to the Death Benefit;

C. Issue an Order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding in any State or United States court against Hartford, the Group Policy, the Plan, or Employer for the recovery of the Death Benefit;

D. Dismiss Hartford with prejudice from this action, and discharge Hartford, the Group Policy, the Plan, and Employer and each of their respective officers, directors, employees,

---

Estate as permitted under the Policy and Plan.

fiduciaries, successors and assigns from any further liability upon payment of the Death Benefit into the Registry of this Court, or as otherwise directed by this Court;

E. Permit Hartford to recover its costs and attorneys' fees in connection with this action; and

F. Order such other and further relief as this Court deems just and proper.

June 21, 2023　　　　　　　　　　　　　Respectfully submitted,

/s/ Eric P. Mathisen
Eric P. Mathisen, IN #1947571
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
56 S. Washington St., Suite 302
Valparaiso, IN 46383
219-242-8649
219-242-8669 (FAX)
Email: eric.mathisen@ogletree.com

Attorneys for Plaintiff, HARTFORD LIFE & ACCIDENT INSURANCE COMPANY